nute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4201 | DATE | JAN - 9 2004 |
| CASE TITLE | | Madafarri vs. Metrocall | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to vacate default judgment and to join an indispensable party (R. 15-1 & R. 15-2) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 1 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL MADAFFARI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 4201 |
| | ) |
| METROCALL COMPANIES GROUP | ) |
| POLICY GL, H-21163-0, PLAN NUMBER | ) |
| 501, | ) |
| | ) |
| Defendant. | ) |

DOCKETED
JAN 1 2 2004

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Metrocall Companies Group Policy GL, H-21163-0, Plan Number 501 ("Plan 501") has moved to vacate default judgment under Rule 60(b)(1) and (4) and to join ReliaStar Life Insurance Company ("ReliaStar") as an indispensable party to this action under Rule 19(a). For the reasons set forth below, Defendant's motion is granted.

### BACKGROUND

Metrocall, Inc. ("Metrocall"), employed Plaintiff Cheryl Madaffari as a sales manager. As part of her employment benefits, Metrocall provided Plaintiff with health and disability insurance. In late 1997, Plaintiff stopped working because of health problems and began claiming disability under her insurance policy. Plaintiff collected disability benefits from March 1997 until November 2000, when ReliaStar reviewed Plaintiff's claim and concluded that she was no longer disabled according to the terms of the insurance policy. Plaintiff appealed her denial of benefits to ReliaStar, who denied Plaintiff's appeal in March 2001. Plaintiff then

1

requested that ReliaStar reconsider its denial of Plaintiff's claim. In July 2001, ReliaStar again refused Plaintiff's claim.

Plan 501, the named Defendant in this action, is an insured employee welfare benefit plan governed by the Employee Retirement Income Securities Act ("ERISA"). Plan 501 provides benefits to Metrocall employees through an insurance policy issued by ReliaStar. Beyond the insurance policy, Plan 501 has no assets. ReliaStar issued the policy that is Plan 501's sole asset. In that role, ReliaStar made all determinations pertaining to claims and paid benefits on claims. With respect to Plaintiff's claim, ReliaStar made all decisions regarding termination of disability, including the determinations on Plaintiff's appeals. Plaintiff does not allege, and the facts do not show, that Metrocall played any role in determining whether or not Plaintiff was entitled to benefits under her insurance policy.

Metrocall was Plaintiff's employer and is the sponsor of Plan 501. In connection with its role as sponsor, Metrocall paid the premiums for the ReliaStar insurance policy. Metrocall did not make decisions as to claim status, coverage, or any aspect of claims administration.

Following the denial of her appeal by ReliaStar, Plaintiff brought this ERISA action against Plan 501 to recover benefits under her plan. Plaintiff served William L. Collins, President and Chief Executive Officer of Metrocall on September 13, 2002. Metrocall forwarded the complaint to ReliaStar and confirmed that ReliaStar would deal with the complaint. Subsequently, ReliaStar took no action in this matter and on November 6, 2002, the Court granted Plaintiff's motion for default. During the following months, attorneys for Plaintiff attempted to contact Metrocall, finally succeeding in August of 2003. Plaintiff's attorney requested Metrocall to comply with the Court's order of judgment. After requesting copies of the

2

relevant documents, Defendant Plan 501 filed its motion to vacate default judgment and join ReliaStar as an indispensable party.

In support of its motion to vacate default judgment, Defendant argues that Plaintiff's service upon Metrocall's president and CEO does not amount to effective service of process on Plan 501. Alternatively, Defendant argues that its default in this action was the result of excusable neglect. Plaintiff responds that she properly served the complaint, Defendant had actual notice of the complaint in accordance with due process, and the default judgment was not the result of excusable neglect.

In support of its motion to join ReliaStar as an indispensable party, Defendant argues that ReliaStar made all of the decisions relevant to Plaintiff's lawsuit, that ReliaStar is obligated to pay benefits on valid claims, and that Defendant has no assets aside from the insurance policy. Plaintiff counters that employers are proper ERISA defendants where the employer and plan are intertwined and the employer is listed as the plan administrator.[1]

## ANALYSIS

### A. Default Judgment

Federal Rule of Civil Procedure 60(b)(4) allows a court to relieve a party from a final judgment if that judgment is void. If a court lacks personal jurisdiction over a defendant, then the court's judgment in that action is void. *Kravit, Gass & Weber, S.C. v. Michel*, 134 F.3d 831, 838 (7th Cir. 1998). In order for a court to assert personal jurisdiction over a defendant, valid

---

[1] Defendant correctly points out that Plaintiff did not sue Metrocall in this action. The only defendant in this action is Plan 501. While Plaintiff argues that ReliaStar need not be joined because Metrocall is a proper defendant, she has not suggested that the Court add Metrocall as a defendant in this action.

3

service of process must occur first. *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Without valid service of process, therefore, a default judgment is void. *Fleet Mortgage Corp. v. Wise*, No. 92 C 1102, 1997 WL 305319, at *1 (N.D. Ill. May 29, 1997); *Fed. Equip. Corp. v. Puma Indus. Co., Ltd.*, 182 F.R.D. 565, 567 (N.D. Ill. 1998).

Plaintiff points out that ERISA governs the service of process on defendants in actions brought under that statute. The statute provides that serving process upon an administrator of an employee benefit plan will constitute valid service on the benefit plan itself. 29 U.S.C. § 1132(d)(1). When Plaintiff originally filed her disability claim, the plan document listed the Director of Human Resources of Metrocall as the plan administrator. A subsequent plan document named Metrocall's Director of Benefits and Compensation as the administrator of the plan. The plan documents also list Metrocall's General Counsel as an agent for service of process.

When Plaintiff sued Plan 501, she did not serve Metrocall's Director of Human Resources, Director of Benefits and Compensation, or General Counsel. Instead, she served Metrocall's president and CEO, who is not listed as plan administrator or as agent for service of process for Defendant Plan 501.

Plaintiff argues that such service was sufficient because it is clear that representatives of Plan 501 obtained notice of the complaint as a result of the service upon Metrocall's president. While it appears that Metrocall and ReliaStar had notice of the claim asserted against Plan 501, this argument is unavailing. Setting aside the issue of whether a benefit plan without assets is a proper sole defendant, a defendant's actual notice of a complaint does not mean that valid service of process has occurred. *Mid-Continent Wood Products, Inc.*, 936 F.2d at 301. Further, "actual

4

knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Id.* Plaintiff's argument that the actual knowledge of Metrocall employees overcomes her failure to serve the agent or plan administrator listed in the plan documents therefore fails. Because Plaintiff did not effect service of process upon Defendant, the Court's default judgment is vacated. The Court need not consider the question of excusable neglect.

**B.     Joinder of an Indispensable Party**

Analysis of joinder under Rule 19 is a two-step process. *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir. 1999). "First, the court must determine whether a party is one that should be joined if feasible . . . ." *Id.* This first step requires the court to analyze three factors: "(1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Id.* (citing Fed. R. Civ. P. 19(a)). *See also Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001).[2]

Defendant focuses on the first *Thomas* factor, arguing that in ReliaStar's absence the parties cannot obtain complete relief. Plaintiff does not respond to this argument, except to point out that Metrocall is also an appropriate party to this case. The Court agrees that ReliaStar's absence will prevent complete recovery in this action. It is undisputed that ReliaStar made

---

[2] The second step in the *Thomas* inquiry is undertaken "[o]nly if the court concludes . . . that the party should be included in the action but it cannot be. In that case, the court must "go on to decide whether the litigation can proceed at all in the party's absence." *Thomas*, 189 F.3d at 666; Fed. R. Civ. P. 19(b). The Court does not need to reach the second inquiry in this case.

decisions in connection with Plaintiff's claim for disability benefits, including the decision to terminate Plaintiff's benefits. It is also undisputed that ReliaStar, and not Metrocall, paid benefits to Plaintiff under the plan. Given the undisputed fact that Plan 501 has no assets, ReliaStar's absence from this action presents an obstacle to the possibility of Plaintiff obtaining relief. This factor therefore favors the joinder of ReliaStar in this action.

Considering that the actual defendant in this case is merely an insurance policy issued by ReliaStar, it follows that ReliaStar has an interest in the judicial review of its own decisions with respect to that policy. In addition, there is also a strong possibility of inconsistent obligations arising from enforcement of the Court's default judgment against an insurance *policy* rather than the provider of benefits. The *Thomas* factors therefore weigh in favor of joining ReliaStar as an indispensable party to this case. The Court directs Plaintiff to join ReliaStar as an indispensable party to this case.

## CONCLUSION

Defendant's motion to vacate the Court's default judgment and to join an indispensable party is granted.

Dated: January 9, 2004

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge