## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4201 | **DATE** | 7/1/2004 |
| **CASE TITLE** | Madaffari vs. Metrocall | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant ReliaStar's motion to dismiss is denied with respect to Count I, and granted with respect to Counts II - IV. Defendant Plan 501's motion to dismiss is denied. Defendants' motions to strike Plaintiff's jury demand are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 6 2004 date docketed | 47 |
| ✓ | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| TH ✓ | courtroom deputy's initials | 2004 JUL -1 PM 5:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL MADAFFARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 4201 |
| | ) | |
| METROCALL COMPANIES GROUP, | ) | |
| Policy GL, H-21163-0, PLAN NUMBER | ) | |
| 501; RELIASTAR LIFE INSURANCE | ) | |
| COMPANY; ING NORTH AMERICA | ) | |
| INSURANCE CORPORATION; and | ) | |
| ING GROEP N.V., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Defendants ReliaStar Life Insurance Company ("ReliaStar") and Metrocall Companies Group Policy GL, H-21163-0, Plan Number 501 ("Plan 501") request dismissal of Plaintiff's amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ReliaStar and Plan 501 also move to strike Plaintiff's jury demand. For the reasons set forth below, ReliaStar's motion to dismiss under Rule 12(b)(6) is granted in part; Plan 501's motion to dismiss is denied; and Defendants' motions to strike Plaintiff's jury demand are granted.

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the sufficiency of a complaint. It is not designed to resolve the case on the merits. *Petri v. Gatlin*, 997 F. Supp. 956, 963 (N.D. Ill. 1997) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2$^d$ ed. 1990)).

When determining whether to grant a 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). A court must also draw all reasonable inferences in the plaintiff's favor. *Id.* A complaint should be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). A plaintiff cannot satisfy federal pleading requirements, however, merely by attaching bare legal conclusions to narrated facts, which fail to outline the basis of their claims. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## FACTUAL BACKGROUND

Metrocall, Inc. ("Metrocall") employed Plaintiff Cheryl Madaffari as a sales manager. As part of her employment benefits, Metrocall provided Plaintiff with health and disability insurance. In late 1997, Plaintiff stopped working because of health problems and began claiming disability under the group insurance policy. Plaintiff collected disability benefits from March 1997 until November 2000, when ReliaStar reviewed Plaintiff's claim and concluded that she was no longer disabled according to the terms of the insurance policy. Plaintiff appealed her denial of benefits to ReliaStar, which denied Plaintiff's appeal in March 2001. Plaintiff then requested that ReliaStar reconsider its denial of Plaintiff's claim. In July 2001, ReliaStar again refused Plaintiff's claim.

Plan 501 is an insured employee welfare benefit plan governed by the Employee

2

Retirement Income Securities Act ("ERISA").[1] Plan 501 has no assets except to the extent an insurance policy issued by ReliaStar can be considered an asset of the plan. As issuer of this policy, ReliaStar makes all determinations pertaining to claims regarding termination of disability benefits, including all decisions surrounding Plaintiff's claim for benefits and the following appeals. Neither Metrocall nor any entity other than ReliaStar made any determinations in connection with benefits claims. Further, ReliaStar was also responsible for the actual disbursement of benefits under the policy.

On June 12, 2002, Plaintiff filed this lawsuit against Plan 501, seeking compensation for benefits improperly denied. On November 6, 2002, the Court entered an order for default judgment against Plan 501. On January 13, 2003, the Court awarded damages of $3,335.75 per month until Plaintiff reaches the age of 65 and attorneys' fees and costs in the amount of $305,976.74. On March 3, 2003, the Court amended its order to reflect the cumulative amount of the monthly payments, both prospective and delinquent. That order required total payment of $1,223,307.99 from Plan 501.

On August 25, 2003, Plan 501 moved to vacate the Court's default judgment, and to join ReliaStar as a defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. On January 9, 2004, the Court vacated its default judgment, ruling that Plaintiff had not effectively served Plan 501. Further, the Court found that because of ReliaStar's complete control over the analysis and funding of benefits claims under the policy, ReliaStar was an indispensable party

---

[1] As discussed below, "Metrocall Companies Group Policy GL, H-21163-0, Plan Number 501" is a reasonable description of "the plan" under the Summary Plan Document.

under Rule 19(a).[2]

On February 13, 2004, Plaintiff filed an amended complaint including ReliaStar and its parent corporations, ING North America Insurance Corporation and ING Groep N.V., as Defendants along with Plan 501. Plaintiff added claims for breach of contract, vexatious delay, and bad faith against the new Defendants. Defendants now move for dismissal of all claims under Rule 12(b)(6) and for the Court to strike Plaintiff's jury demand.

## ANALYSIS

### I.  ReliaStar is a Proper Defendant

Citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir. 1996), ReliaStar moves for dismissal of Plaintiff's ERISA claim, contending that "only the Plan is a proper defendant in an action to recover ERISA plan benefits." *Id.* at 1490. ReliaStar argues that because it is merely the insurer, and not the plan itself, Plaintiff may not recover from ReliaStar in its action for benefits.[3]

Finding a proper defendant is one of the more interesting questions arising out of ERISA litigation. *See Rivera v. Network Health Plan of Wis.*, No. 02 CV 1055, 1004 WL 1240913 (E.D. Wis. May 28, 2004). Plaintiff's Count I seeks "judgment against Defendant[s] . . . in an amount that will fully compensate her for injuries and damages" in connection with the termination of

---

[2] Plaintiff argued that the Court need not join ReliaStar because Metrocall is a proper defendant under *Mien v. Carus Corp.*, 241 F.3d 581 (7th Cir. 2001) and *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549 (7th Cir. 1997). The Court rejected this argument because Plaintiff had not sued Metrocall, but rather Plan 501. (R. 22-1, Jan. 9, 2004 Order, p. 3 n.1.)

[3] Plaintiff Madaffari seeks damages, but not equitable relief under her ERISA claim. The purported prohibition on certain defendants does not apply to plaintiffs seeking equitable relief under §1132(a)(3), but only those seeking a money judgment under §1132(a)(2).

4

her disability benefits under ERISA. 29 U.S.C. § 1132(d)(2) states that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."

Defendant points to the Seventh Circuit's opinion in *Jass* for the purported bright line rule that "ERISA permits suits to recover benefits only against the Plan as an entity." *Jass*, 88 F.3d at 1490 (citing *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985). Indeed, several cases have cited *Jass* for this seemingly straight-forward proposition. *See, e.g., Witowski v. Tetra Tech, Inc.*, 38 F. Supp. 2d 640, 644 (N.D. Ill. 1998); *Hupp v. Experian Corp.*, 108 F. Supp. 2d 1008, 1013 (N.D. Ill. 2000); *Fortmann v. Avon Products, Inc.*, No. 97 C 5286, 1999 WL 160258, *4 (N.D. Ill. Mar. 9, 1999). In *Jass*, a plaintiff was attempting to sue the plan as well as an individual employee of the insurance company administering the plan. The court considered whether or not an individual nurse employee was a proper defendant in an ERISA suit for damages. Dismissing the nurse, the *Jass* court held that the "appropriate defendant for a denial of benefits claim would be the Plan," which — in that case — was also the entity whose agents made the relevant decisions in connection with the denial of benefits. *Jass*, 88 F.3d at 1490.

The Seventh Circuit subsequently softened its stance that Section 1132(d)(2) allows an ERISA plaintiff to sue only the benefits plan. In *Mein v. Carus*, the court acknowledged that "it may ordinarily be true that, especially in a suit for benefits, a plaintiff should name the plan as a defendant." 241 F.3d 581, 584 (7th Cir. 2001). Nonetheless, the court allowed the plaintiff to sue his employer rather than the plan, noting that the employer and the plan were "closely

5

intertwined."[4] The benefits plan addressed by *Mein* was a 401(k) plan administered by the employer, and the dispute arose because of decisions the employer made about allowable contributions to the plan. Thus, the Seventh Circuit held the decision-making entity to be a proper defendant in an ERISA case, even when that entity was not "the plan" itself, but merely "closely intertwined" with the plan.

In *Garratt v. Knowles*, 245 F.3d 941 (7th Cir. 2001), the Seventh Circuit distinguished the *Mein* holding. In that case, a corporation's chief executive officer ("CEO") sued the board of directors and the corporation's attorney in connection with a change in the CEO's retirement plan. *Garratt*, 245 F.3d at 943. Ruling that ERISA did not allow a claim against these particular defendants, the court noted that "*Mein* does not suggest that it would be proper for a plaintiff seeking benefits to substitute individual corporate members as defendants rather than the plan. Hence we find that *Mein* has no bearing on these proceedings." *Id.* at 949 n.7. Accordingly, the court relied on the factually similar opinion in *Jass* to prevent action against such individuals. *Id.* at 949.

Because *Jass* appears to be the seminal case in this Circuit regarding proper defendants under 29 U.S.C. § 1132(d)(2), it is essential to further examine that holding. The Ninth Circuit's opinion in *Everhart v. Allmerica Fin. Life Inc. Co.*, 275 F.3d 751 (9th Cir. 2001) — particularly Judge Reinhardt's dissent — is helpful in this regard. Facing a similar question, Judge Reinhardt points out that the statutory language of Section 1132(d)(2) does not actually limit the universe of defendants against whom an ERISA action may be brought. The full text of Section 1132(d) is

---

[4] Mein's employer was the plan administrator, the employer had designated itself as agent for service of process, and most of the communications with Mein regarding benefits were on the employer's stationary. *Mein*, 241 F.3d at 585.

6

as follows:

> (d) Status of employee benefit plan as entity
>
> (1) An employee benefit plan may sue or be sued under this subchapter as an entity. . . .
>
> (2) Any money judgment under this subchapter *against an employee benefit plan* shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.

29 U.S.C.A. § 1132 (emphasis added). Judge Reinhardt points out that the statute "simply makes clear that when a party does sue a plan, any money judgment it receives against the plan can be enforced only against that plan as an entity, and not against any other person, with the exception noted." *Id.* at 757. Judge Reinhardt's reading of the statute is persuasive.[5]

Although it has been cited in support of a broader interpretation, the Seventh Circuit's decision in *Jass* is consistent with Judge Reinhardt's reading of the text. Any judgment against the employee nurse in *Jass* would have been a judgment against the plan for which she worked. Accordingly, Section 1132(d)(2) requires her dismissal without transforming the statute into a larger prohibition against all non-plan defendants. To cite the holding in *Jass* as a strict prohibition on suing entities other than "the plan," therefore, is to stretch Section 1132(d)(2) beyond its clear meaning.

Recently, Judge Lefkow addressed a situation very similar to the facts of this case and also found Judge Reinhardt's dissent persuasive. *Penrose v. Hartford Life and Accident Ins. Co.*,

---

[5] The *Everhart* majority specifically held that a plaintiff could not sue an insurer of a benefit plan when that insurer was not the plan administrator. Interestingly, the plaintiff in that case had indeed sued *and settled with* the plan and the plan administrator. *Everhart*, 275 F.3d at 754.

7

No. 02 C 2541, 2003 WL 21801214 (N.D. Ill. Aug. 4, 2003). In that case, the plaintiff sought to recover disability benefits from an insurer under an employer-sponsored benefits plan. *Id.* The insurer administered the plan, and was the final decision-maker with respect to claims for benefits under the plan. *Id.* Even after some amount of discovery, the identity of the plan entity was not clear. *Id.* Discussing the dissent in *Everhart*, the court held that "§ 1132(d) merely provides that a plan can be sued and was not intended to limit § 1132(a)(1)(B) suits to plans." *Id.* at *3. Judge Lefkow noted that "[i]t is hardly debatable that the Congressional purpose behind § 1132(a)(2)(B) [*sic*] was, at the least, that a party legally responsible for paying benefits governed by ERISA is a party that can be sued," and ruled that the insurer was a proper defendant in an ERISA claim for benefits. *Id.*

ReliaStar points to an unpublished decision of the Seventh Circuit, *Hackner v. Long Term Disability Plan for Employees of the Havi Group LP*, No. 03-1037, 2003 WL 22766067 (7th Cir. Nov. 17, 2003), as the most recent example of the "long recognized principle of law" that only plans and plan administrators may be sued in ERISA cases such as this. As discussed above, this principle is incomplete insofar as it extends the narrow ruling of *Jass* beyond the limits of the statute. Regardless, Rule 53 of the Federal Rules of Appellate Procedure prohibits this Court from using an unpublished opinion of a circuit court "for any purpose." Fed. R. App. P. 53.

In this case, ReliaStar is the entity that governed benefits claim determinations. In the event of a successful claim, the policy calls on ReliaStar to provide benefits to the insured. As for the identity of "the plan," the Summary Plan Description attached to the amended complaint lists the following information under "Plan Name, Number and Name and Address of Policyholder":

> Metrocall Companies
> 6677 Richmond Highway
> Alexandria, VA 22308
> GL, H-21163-0

This information is ambiguous at best. It appears that the document omits the plan name and lists only the policyholder, the policyholder's address, and the plan number. Attempting to sue the plan, therefore, Plaintiff reasonably sued " Metrocall Companies Group Policy GL, H-21163-0, Plan Number 501," taking the identification number from a different portion of the document. The same document lists the Director of Human Resources at Metrocall as the Plan Administrator.

Nevertheless, because of its examination of the *Jass* opinion, and because the intent of ERISA is that the "party legally responsible for paying benefits governed by ERISA is a party that can be sued," the Court is unable to say that ReliaStar is not a proper defendant in this action.[6] *Penrose*, 2003 WL 21801214 *3. ReliaStar's motion to dismiss is therefore denied with respect to Count I.

---

[6] Interestingly, the policy document includes the following provision:

> **Legal Action**
> Legal action may not be taken to receive benefits until 60 days after the date proof of loss is submitted according to the requirements of the Group Policy. Legal action must be taken within 3 years after the date proof of loss must be submitted.
>
> If the Policyholder's state requires longer time limits, *ReliaStar Life will comply with the state's time limits.*

(R. 24-1, Amended Compl., Ex. A, p. 25.) (emphasis added). If ReliaStar promised to comply with state laws on time limits for benefits actions, it would appear that ReliaStar anticipated being a defendant in benefit actions.

9

## II. Plaintiff's State Law Claims and Jury Demand

Counts II, III, and IV allege breach of contract, vexatious delay, and bad faith on the part of ReliaStar and its parent corporations in violation of Illinois state law. In its response to ReliaStar's motion to dismiss, Plaintiff states that it has alleged these violations of state law "in the unlikely event the ERISA claim against ReliaStar would be dismissed." (R. 39-1, Pl.'s Resp. to ReliaStar's Mot. to Dismiss, p. 8.) Because Counts II - IV are contingent on the dismissal of Plaintiff's ERISA claim, and because the ERISA claim survives dismissal, ReliaStar's motion to dismiss is granted with respect to Counts II - IV.

Similarly, Plaintiff acknowledges that if only the ERISA claims remain in this litigation, then her jury demand should be stricken. Accordingly, Defendants' motions to strike Plaintiff's jury demand are granted.

## III. Plan 501 Is a Proper Defendant

Plan 501 has also moved for dismissal pursuant to Rule 12(b)(6), arguing that it is not proper for the Plaintiff to sue a "Group Policy." Because Plaintiff is attempting to sue a "policy," Plan 501 asserts that "Plaintiff did not make clear that she intended to sue the employee benefit plan. . . ." This case thus provides the juxtaposition of one defendant arguing that it could not anticipate plan beneficiaries suing the plan, and another defendant vigorously insisting that the benefit plan is the only entity that could be sued. As discussed above, the Plan Summary Document is ambiguous at best in describing the actual name of the benefit plan. Plaintiff appears to have made her best guess with "Metrocall Companies Group Policy GL, H-21163-0, Plan Number 501," and although it quibbles with the use of the term "policy," Plan 501 does not suggest that another entity is "the plan" in this case.

Without a better alternative, and heeding the admonition that "it is silly not to name the plan as a defendant in an ERISA suit," the Court declines to dismiss Plan 501 from this litigation. *Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001). Accordingly, Plan 501's motion to dismiss is denied.

## CONCLUSION

Defendant ReliaStar's motion to dismiss is denied with respect to Count I, and granted with respect to Counts II - IV. Defendant Plan 501's motion to dismiss is denied. Defendants' motions to strike Plaintiff's jury demand are granted.

Dated: July 1, 2004                                    ENTERED

                                                                        _____
                                                                        AMY J. ST. EVE
                                                                        United States District Judge