Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4201 | **DATE** | 11/17/2004 |
| **CASE TITLE** | Madaffari vs. Metrocall, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum, Opinion, and Order. The Court denies Plaintiff's Motion to Expand Discovery.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | NOV 18 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | 61 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | 2004 NOV 17 PM 3:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHERYL MADAFFARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 4201 |
| ) | |
| METROCALL COMPANIES GROUP, ) | |
| Policy GL, H-21163-0, PLAN NUMBER ) | |
| 501; RELIASTAR LIFE INSURANCE ) | |
| COMPANY; ING NORTH AMERICA ) | |
| INSURANCE CORPORATION; and ) | |
| ING GROEP N.V., ) | |
| ) | |
| Defendants. ) | |



DOCKETED
NOV 1 8 2004

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiff Cheryl Madaffari moves the Court to allow for the expansion of discovery in this action brought under Section 1132(a)(1)(B) of the Employee Retirement Income Securities Act ("ERISA") against Defendants ReliaStar Life Insurance Company ("ReliaStar") and Metrocall Companies Group Policy GL, H-21163-0, Plan Number 501 ("Plan 501" or "Plan"). For the following reasons, the Court denies Plaintiff's request for expanded discovery.

### I. BACKGROUND

Metrocall, Inc. ("Metrocall") employed Plaintiff Cheryl Madaffari as a sales manager. As part of her employment benefits, Metrocall provided Plaintiff with health and disability insurance. In late 1997, Plaintiff stopped working because of health problems and began claiming disability benefits under the group insurance policy. Plaintiff collected disability benefits from March 1997 until November 2000, when ReliaStar reviewed Plaintiff's claim and

concluded that she was no longer disabled according to the terms of the insurance policy. Plaintiff appealed her denial of benefits to ReliaStar, which denied Plaintiff's appeal in March 2001. Plaintiff then requested ReliaStar to reconsider its denial of her claim. In July 2001, ReliaStar again denied Plaintiff's claim.

Plan 501 is an insured employee welfare benefit plan governed by ERISA. Plan 501 has no assets except to the extent an insurance policy issued by ReliaStar can be considered an asset of the plan. As issuer of this policy, ReliaStar makes all determinations pertaining to claims regarding termination of disability benefits, including all decisions surrounding Plaintiff's claim for benefits and the following appeals. Neither Metrocall nor any entity other than ReliaStar made any determinations in connection with benefits claims. Further, ReliaStar also had the responsibility for the actual disbursement of benefits under the policy.

## II. STANDARD

Under ERISA, the Court reviews a plan administrator's denial of benefits *de novo* unless the plan gives the administrator discretionary authority to determine eligibility. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan grants discretionary authority, the Court reviews the administrator's decision under the arbitrary and capricious standard. *Militello v. Central States, Southeast & Southwest Areas Pension Fund*, 360 F.3d 681, 685 (7th Cir. 2004). Under the arbitrary and capricious standard, the Court's review is limited to the information submitted to a plan's administrator. *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 2000). In determining whether the plan's administrator has discretionary authority, the Court looks to the Plan's plain language to determine whether its terms are clear and unambiguous. *See Herzberger v. Standard Ins. Co.*,

205 F.3d 327, 330-31 (7th Cir. 2000); *Trobetta v. Cragin Fed. Bank Employee Stock Ownership Plan*, 102 F.3d 1435, 1438 (7th Cir. 1996).

## III. ANALYSIS

### A. Applicable Judicial Standard

Defendants contend that the Plan's language clearly gives ReliaStar discretion in making eligibility determinations. Defendants further contend that because the Court's review of a plan administrator's decision is limited to the evidence that the Plaintiff submitted in support of the application for benefits under the arbitrary and capricious standard, the Court should not allow Plaintiff to take additional discovery to present new evidence in her case. Plaintiff, however, argues that the Plan's language is insufficient to trigger deferential review.

Turning to the language of Plan 501, ¶ 8 in the Summary Plan Description ("SPD") states: "ReliaStar Life has final discretionary authority to determine all questions of eligibility and status and to interpret and construe the terms of this policy(ies) of insurance." (R. 24-1, Plaintiff's Amend. Compl., Ex. A, at 33). Despite this unequivocal language, Plaintiff argues that because the language conferring final discretionary authority to ReliaStar is contained in the SPD instead of in the actual Plan, the Court should disregard the SPD language. Citing *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 711-12 (7th Cir. 1999), Plaintiff contends that when the language in the Plan and SPD conflict, the Plan documents control. First, the Seventh Circuit's opinion in *Health Cost Controls* relied on the specific language of the SPD at issue which stated: "in case of a conflict or discrepancy between this booklet and the actual Plan provisions, the provisions of the Plan will govern your rights and benefits." *Id.* Second, assuming the Plan language does control, Plaintiff has failed to point to language in the Plan that

3

conflicts with the SPD language that "ReliaStar Life has final discretionary authority to determine all questions of eligibility and status and to interpret and construe the terms of this policy(ies) of insurance."

Next, Plaintiff argues that the Plan's language is confusing because it lists Metrocall as the policyholder, agent for legal process, and plan administrator, and that all claim forms are to be obtained from Metrocall. Plaintiff also asserts that this language contradicts Defendants' position that ReliaStar has final discretionary authority to determine eligibility under the Plan. Reading the Plan and SPD as a whole, however, it is clear that ReliaStar processed the claims, issued denials, considered appeals, and had the final discretion in questions of eligibility. (R. 24-1, Amend Compl. Ex. A). In fact, Plaintiff alleges in her Amended Complaint that ReliaStar was the claim administrator and responsible for the administration of all claims under the Plan. (Amend. Compl. ¶14). In sum, Plaintiff's argument that the Plan's language does not confer final discretionary authority on ReliaStar is unfounded.[1]

## B. Conflict of Interest

Plaintiff also contends that because ReliaStar is the claims administrator and insurer an inherent conflict of interest exists based on ReliaStar's financial interest in denying Plaintiff's claim. *See Lang v. Long-Term Disability Plan,* 125 F.3d 794, 798 (9th Cir. 1997). In *Lang*, the Ninth Circuit held that when a plan is funded and administered by the insurer, the plan bears the

---

[1] Plaintiff asserts that the Court has already concluded that the Plan language is ambiguous. *See* Motion to Dismiss Memorandum, Opinion, and Order, dated July 1, 2004, at 9. In that order, the Court was analyzing whether ReliaStar was a proper defendant to the action when it concluded that listing only Metrocall under the Plan name was ambiguous. The Court did not conclude that the Plan, read as a whole, was in any way ambiguous or unclear as Plaintiff now contends.

4

burden of rebutting the presumption that an inherent conflict of interest exists. *Id.* at 797-98. If the plan fails to do so, the judicial standard of review is *de novo*. *Id.* at 798. The Ninth Circuit's holding, however, is not the law of this Circuit. *See Perlman*, 195 F.3d at 981 (plan administrator's self-interest does not affect standard of review, but is factor when evaluating plan decision). In *Perlman*, despite the district court's conclusion that there was a conflict due to the administrator's self-interest, the Seventh Circuit concluded that because the arbitrary and capricious applied, the district court erred by allowing the parties to take additional discovery and present new evidence. *See id.* at 981-92. The *Perlman* court concluded, "when there can be no doubt that the application was given a genuine evaluation, judicial review is limited to the evidence that was submitted in support of the application for benefits, and the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency." *Id.* at 982. After reviewing the Amended Complaint and its exhibits and Defendants' exhibits to their Response to Plaintiff's motion, both of which include ReliaStar's ERISA Reviews and denial of benefits, the Court concludes that ReliaStar gave Plaintiff's application a genuine evaluation.[2] Therefore, the Court's review is limited to the evidence submitted in support of the application for benefits.

## C. Disputes Concerning Prior Document Production

Plaintiff contends that after reviewing the documents Defendants have already produced,

---

[2] The Court is not making a determination as to whether ReliaStar's decision to deny Plaintiff's disability benefits was or was not arbitrary or capricious. The Court is simply concluding that ReliaStar reviewed the merits of Plaintiff's claim. *See Perlman v. Swiss Bank Corp.*, 195 F. 3d 975, 982 (7th Cir. 1999).

5

certain responses and documents need clarification. In addition, Plaintiff believes some items are missing, incorrect, or incomplete. Based on Plaintiff's assertions, the Court concludes that the parties may continue their limited discovery as to the items and information submitted to the plan's administrator for review of Plaintiff's disability claim. *See Perlman*, 195 F.3d at 982.

## IV. CONCLUSION

For these reasons, the Court denies Plaintiff's Motion to Expand Discovery.

Dated: November 17, 2004

**ENTERED**

*[signature]*

AMY J. STEEVE
**United States District Court Judge**